IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Loretta Laura Erby, | ) | C/A No.: 3:13-518-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Webster University, Betsy Schmutz, Beth Russell, David Dunlap, and Sam Cooper, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the motion to strike filed by defendants Webster University ("Webster"), Betsy Schmutz,[1] Beth Russell, David Dunlap, and Sam Cooper (collectively "Defendants") on May 20, 2013 ("First Motion"). [Entry #18]. Also before the court is Defendants' supplemental motion to strike filed on July 2, 2013 ("Second Motion"). [Entry #28]. Because Plaintiff's response deadlines for both motions have passed, the motions are ripe for disposition.[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). For the reasons that follow, Defendants' First Motion is granted in part and denied in part, and Defendants' Second Motion is denied.

---

[1] Defendants corrected the spelling of this defendant's name in their answer filed on May 20, 2013. [Entry #20]

[2] Because Defendants' First Motion requests that the court strike limited exhibits to Plaintiff's complaint rather than the complaint in its entirety, the undersigned concludes that the motion is non-dispositive and may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Defendants' Second Motion seeks only to strike limited exhibits to Plaintiff's response in opposition to Defendants' motion to dismiss, and the undersigned likewise concludes that this motion is non-dispositive.

I. Factual Background

A former Webster employee, Plaintiff alleges that she was demoted and ultimately terminated after making internal complaints and a complaint to the Equal Employment Opportunity Commission ("EEOC") on the basis of racial discrimination, sexual harassment, and retaliation. [Entry #1 at 3–4]. She asserts claims of wrongful termination, discrimination, sexual harassment, hostile work environment, defamation, retaliation, mental distress, and emotional harm. *Id.* at 5.

II. Discussion

A. Defendants' First Motion

In their First Motion, Defendants move to strike certain exhibits from Plaintiff's complaint that they contend contain matter that is redundant, immaterial, impertinent, scandalous, and highly prejudicial. [Entry #18 at 2]. They further contend that much of the information contained in the exhibits is unauthenticated hearsay. *Id.* Defendants specifically contend that the following exhibits should be stricken:

- Exhibit 1: documents related to Plaintiff's claim with the Department of Employment and Workforce that Defendants claim are redundant and immaterial;

- Exhibit 2: internet news articles and blog postings regarding unrelated litigation against Webster that Defendants claim are inappropriate, scandalous, and immaterial to Plaintiff's claims;

- Exhibit 3: email correspondence related to Plaintiff's employment with Webster that Defendants contend contains topics that are immaterial to Plaintiff's claims;

- Exhibit 4: a disciplinary letter issued to Plaintiff that Defendants contend contains scandalous annotations made by Plaintiff indicating that individuals involved in the altercation at issue were lying; and

- Exhibits 8–10: email correspondence regarding issues related to Plaintiff's employment at Webster that Defendants claim are immaterial and including annotations that Defendants contend are self-serving and prejudicial.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)). Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, C/A No. 1:09CV123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009).

The court agrees that Exhibit 2, which contains internet information regarding other litigation against Webster, is impertinent and scandalous. *See* 61A Am. Jur. 2d *Pleading* §§ 466, 471 (defining impertinent matter as consisting of "any allegation not responsive or relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties" and defining scandalous matter as that which "improperly casts a derogatory light on someone, usually a party to the action").

3

Consequently, the undersigned grants Defendants' motion to strike Exhibit 2 from Plaintiff's complaint.

With regard to the remaining exhibits at issue, the court declines to grant Defendant's First Motion. The undersigned finds that the information contained in the exhibits is potentially relevant to Plaintiff's claims. The challenged information deals with issues related to Plaintiff's employment with and termination from Webster. Furthermore, the court necessarily grants pro se plaintiffs some latitude in their pleadings. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (stating that pro se complaints are held to a less stringent standard than those drafted by attorneys). The court routinely receives voluminous exhibits from pro se plaintiffs that may or may not be relevant to the claims at issue and appropriately considers the weight and relevance of those exhibits in addressing motions in the case.

Based on the foregoing, Defendants' First Motion is granted as to Exhibit 2 and denied as to the remaining exhibits.

B.    Defendants' Second Motion

In their supplemental motion [Entry #28], Defendants move to strike certain exhibits from Plaintiff's response in opposition to Defendants' motion to dismiss [Entry #26]. Defendants do not clearly identify the nature of many of the documents they move to strike and generally argue that the documents at issue are immaterial and/or impertinent. [Entry #28 at 1–2]. They admit that some of the documents may become relevant as the case develops, but argue that they are not relevant to the motion to

4

dismiss.[3]  *Id.* at 2.  Because Defendants admit that the documents at issue are potentially relevant and fail to articulate with specificity the basis for their motion as to each document, their Second Motion is denied.  Furthermore, as is noted above, voluminous exhibits are common in cases involving pro se litigants and the court is adept at weighing their relevance and weight.

     IT IS SO ORDERED.

August 28, 2013                                        Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

---

[3] Defendants also state that Plaintiff may be better served by providing her medical and financial records in a more restrictive manner. [Entry #28 at 2].  The court finds that it is Plaintiff's obligation to file her records in accordance with Fed. R. Civ. P. 5.2 and declines to grant Defendants' motion on that basis.