IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Loretta Laura Erby, ) | C/A No.: 3:13-518-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Webster University, Betsy Schmutz,[1] ) | |
| Beth Russell, David Dunlap, and Sam ) | |
| Cooper, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this pro se employment discrimination case, Loretta Laura Erby ("Plaintiff") sues her former employer Webster University ("Webster") and Webster employees Betsy Schmutz,[1] Beth Russell, David Dunlap, and Sam Cooper ("Individual Defendants") (collectively "Defendants"). Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Family Medical Leave Act ("FMLA"),[2] as well as state law claims of defamation and intentional infliction of emotional distress.[3]

---

[1] Defendants corrected the spelling of this defendant's name in their answer filed on May 20, 2013. [Entry #20].

[2] Although Defendants recognize in their motion to strike that Plaintiff may be asserting a retaliation claim under the FMLA [Entry #18 at 1], they fail to identify it or address it in their motion to dismiss.

[3] Defendants moved for dismissal of a state-law wrongful discharge claim, but noted that it was unclear whether Plaintiff was attempting to assert such a claim. [Entry #17 at 7–9]. In response, Plaintiff references only law on retaliation rather than arguing that she adequately asserted a claim for wrongful discharge under state law. [Entry #26 at 13–14]. Consequently, the undersigned concludes that Plaintiff did not intend to assert a claim for wrongful discharge under state law.

This matter comes before the court on Defendants' partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #17]. The motion having been fully briefed [Entries #26, #27], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendants' partial motion to dismiss with leave to Plaintiff to file an amended complaint.

I.  Factual and Procedural Background

Plaintiff alleges that on March 22 and April 18, 2012, she filed internal grievances with Webster against Charlotte Hamilton, LaShaunda Chavis, and defendants Russell, Dunlap, and Cooper. [Entries #1 at ¶¶ 9–10; #1-10 at 1; #1-8 at 2]. She alleged issues of workforce bullying, harassment, discrimination, and retaliation. [Entry #1-8 at 2]. On May 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, gender discrimination, and retaliation. [Entries #1 at ¶ 8; #1-7 at 4]. In her EEOC charge, she asserted that she was a 46-year-old African-American female and that Dunlap, her supervisor, became oppressive and harassing towards her after she rejected his sexual advances. *Id.*

Plaintiff contends that she was demoted to Department Assistant on September 12, 2012. [Entry #1 at ¶ 10]. She asserts that on September 17, 2012, she was reprimanded and ultimately terminated after allegedly kicking Chavis. *Id.* at ¶ 5. Plaintiff alleges that

2

on the day of her termination, she was locked out of her student account at Webster and was unable to complete the course in which she was enrolled. *Id.* at ¶ 3. She contends that her demotion and termination came less than two weeks after she took FMLA leave for severe depression. *Id.* at ¶ 1.

Based on a review of Plaintiff's complaint, the exhibits attached thereto, and Plaintiff's response brief,[4] the undersigned concludes that Plaintiff is asserting the following claims: (1) race- and gender-based Title VII discrimination;[5] (2) race- and gender-based Title VII hostile work environment; (3) race- and gender-based Title VII retaliation; (4) retaliation under the FMLA; (5) defamation; and (6) intentional infliction of emotional distress.

II.     Discussion

   A.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*,

---

[4] The undersigned notes that it was not necessary to consider the attachments to Plaintiff's response brief in rendering this Report and Recommendation.

[5] In her complaint, Plaintiff indicates that, among other claims, she is stating claims for discrimination and sexual harassment. [Entry #1 at 5]. Although Defendants read the complaint to state only gender-based claims under Title VII, Plaintiff's EEOC claim attached to her complaint asserts both race and gender discrimination. [Entry #1-7 at 4]. Plaintiff's response brief also references race discrimination. [Entry #26 at 12–13]. Consequently, the undersigned finds that Plaintiff's Title VII claims are both race- and gender-based.

178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

1.   Defamation

In her prayer for relief, Plaintiff states that she is asserting a defamation claim. [Entry #1 at 5]. Defendants assert that this single allegation, without any specific factual allegations, is insufficient to state a defamation claim. [Entry #17 at 6–7].

4

To recover for defamation under South Carolina law, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002). Defamatory communications can take two forms: libel and slander. Slander is a spoken defamation, while libel is a written defamation or one accomplished by actions or conduct. *Swinton Creek Nursery v. Edisto Farm Credit*, 514 S.E.2d 126, 133–34 (S.C. 1999).

Although Defendants initially asserted that Plaintiff failed to make specific factual allegations in support of her defamation claim, Plaintiff's response brief clarifies that her claim is based on comments allegedly made by defendant Russell and Chavis about Plaintiff having an inappropriate relationship with Dr. Simpson. [Entry #26 at 11]. In reply, Defendants argue that Plaintiff still has not alleged elements of a defamation claim because she has not clarified the content of the alleged statements, to whom they were made, the context in which they were made, or whether they were written or verbal. [Entry #27 at 2].

While Plaintiff's brief provides some clarification regarding her defamation claim, the undersigned concludes that Plaintiff has not sufficiently articulated the content of the statements or whether they were published to a third party. Furthermore, because Plaintiff's complaint contains no allegations in support of her defamation claim other than her statement that she is asserting such a claim, the undersigned recommends granting Defendants' motion to dismiss Plaintiff's defamation claim with leave to file an

5

amended complaint within 15 days of the district court's order on Defendants' motion to dismiss. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects").

In the event Plaintiff files an amended complaint, she should specify the defendant(s) against whom she is asserting the claim. Plaintiff is advised that South Carolina recognizes a qualified intra-corporate privilege that applies to statements made between agents and associates of the same corporation. *See Bell v. Evening Post Pub. Co.*, 459 S.E.2d 315, 317 (S.C. Ct. App. 1995). The privilege may be lost, however, if the person invoking the privilege exceeded the scope of the occasion, engaged in any unnecessary defamation, or acted with actual malice. *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 749 (S.C. Ct. App. 2001).

### 2. Intentional Infliction of Emotional Distress

Defendants contend that if Plaintiff is asserting a claim for outrage/intentional infliction of emotional distress, she has failed to plead facts sufficient to support such a claim. [Entry #17 at 7]. Under South Carolina law, a plaintiff must establish the following elements in order to recover for the intentional infliction of emotional distress: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the

6

emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Ford v. Hutson*, 276 S.E.2d 776, 778–79 (S.C. 1981).

In her response brief, Plaintiff states the following:

> Plaintiff believes that Defendants deliberately caused intentional infliction of emotional distress (1) These defendants' actions were illegal and intentional, (2) that society would find their acts extreme and outrageous, (3) the acts caused distress (4) the distress was severe especially to a worker protected under the law.

[Entry #26 at 12]. Plaintiff fails to cite any facts in support of her conclusory assertions that she has satisfied the elements of a prima facie case. Her complaint is likewise devoid of any factual allegations in support of her claim. For these reasons, it is recommended that Plaintiff's claim for intentional infliction of emotional distress be dismissed with leave to file an amended complaint within 15 days of the district court's order on Defendants' motion to dismiss. As with her defamation claim, if Plaintiff files an amended complaint, she should specify the defendant(s) against whom she is asserting the claim.

### 3. Title VII Discrimination

Defendants also move to dismiss Plaintiff's Title VII gender discrimination claim. [Entry #17 at 5–6]. The undersigned has interpreted Plaintiff's complaint as stating race- and gender-based discrimination claims. Because the elements of a prima facie case of Title VII discrimination are the same for race- and gender-based claims, the undersigned finds that Defendants' argument applies equally to Plaintiff's race discrimination claim.

#### a. Individual Defendants

As an initial matter, the undersigned finds that the court is without subject matter

7

jurisdiction over the Individual Defendants on Plaintiff's Title VII claims because there is no individual liability under Title VII. Defendants have not made this argument; however, courts are duty-bound to clarify their subject matter jurisdiction, even if the parties do not develop it as an issue. *Simon Coal Co. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2002); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) (finding that "lack of subject matter jurisdiction is an issue that requires *sua sponte* consideration when it is seriously in doubt").

Title VII prohibits discrimination by employers. *See* 42 U.S.C § 2000e–2. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). In construing the definition of "employer" under Title VII, it is well-established that Title VII does not impose individual liability on supervisory employees. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that supervisors cannot be found liable in their individual capacity under Title VII because they do not fit within the definition of an employer).

Consequently, the undersigned recommends that Plaintiff's Title VII claims be dismissed as to the Individual Defendants. This analysis applies equally to Plaintiff's Title VII hostile work environment and retaliation claims, which Defendants have not moved to dismiss.

### b.   Discrimination Claim

To state a prima facie case of race or gender discrimination, Plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she

suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (Title VII). Where a plaintiff claims discriminatory discharge, the fourth element has also been identified as whether the plaintiff can demonstrate that the position was filled by a similarly-qualified applicant outside of the protected class. *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003).

Defendants argue that Plaintiff has failed to state a claim for discrimination under Title VII because she failed to identify any comparators. [Entry #17 at 5–6]. Defendants do not challenge Plaintiff's pleading of the remaining elements of the prima facie case. *Id.* In response, Plaintiff generally discusses sex discrimination in the workplace, but does not identify any comparators. Because Plaintiff has failed to identify any comparators in either her complaint or her response brief, she has not established the fourth element of the prima facie case and it is recommended that her Title VII discrimination claim be dismissed. It is further recommended that Plaintiff be given leave to file an amended complaint within 15 days of the district court's order on Defendants' motion to dismiss.

### 4. § 1983 Claim

Although Plaintiff does not state a claim under 42 U.S.C. § 1983 in her complaint, she contends in her response brief that Defendants have deprived her of her constitutional rights in violation of § 1983. [Entry #26 at 2]. Plaintiff's reference to § 1983 appears to be in error; however, even if she intended to assert a § 1983 claim, she has failed to allege that Defendants were acting under color of state law, an essential element to such a claim.

9

*West v. Atkins*, 487 U.S. 42, 48 (1988). Consequently, the undersigned recommends a finding that Plaintiff has not pled a claim under § 1983.

        5.      Plaintiff's Remaining Claims

Defendants recognize in their motion that Plaintiff is also asserting Title VII claims of hostile work environment and retaliation [Entry #17 at 3]; however, they fail to move for dismissal of these claims. Defendants likewise have not addressed Plaintiff's retaliation claim under the FMLA although they recognized it as a potential claim in their motion to strike. [Entry #18 at 1]. In the event the district judge accepts the foregoing recommendations, the undersigned recommends that Plaintiff's remaining claims survive as follows: (1) Title VII hostile work environment claim against Webster; (2) Title VII retaliation claim against Webster; and (3) FMLA retaliation claim against all defendants.[6] In the event Plaintiff elects to file an amended complaint, she should include allegations related to these claims in her amended complaint.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' partial motion to dismiss [Entry #17] be granted and that the following claims be dismissed without prejudice: (1) Title VII discrimination claim; (2) defamation claim; and (3) claim for intentional infliction of emotional distress. However, Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of these claims be without prejudice with leave to file an amended complaint within 15 days of the district court's

---

[6] Whether the FMLA imposes liability on private employee supervisors in their individual capacities is an open question in the Fourth Circuit. *See Benton v. Belk, Inc.*, C/A No. 9:12-766, 2012 WL 5381209, at *1 (D.S.C. Sept. 20, 2012) (collecting cases), *adopted by* 2012 WL 5381335.

10

order on Defendants' motion to dismiss. Because Defendants did not move to dismiss all of Plaintiff's claims, the undersigned recommends Plaintiff's remaining claims survive as set forth in Section II.B.5. above.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 29, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).